IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2017 SEP 15 P 1: 35
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JOHN W. TISDALE, JR.; TISDALE FAMILY PROPERTIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ANDALUSIA, <br><br> Defendants. | Civil Action Number: 2:17-cv-613-MHT <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

### Statement of the Parties

1. Plaintiff John W. Tisdale, Jr., is over the age of 19 and is a resident citizen of Okaloosa County, Florida.

2. Plaintiff Tisdale Family Properties, Inc, is a domestic corporation with its principle place of business and its place of incorporation located in Covington County, Alabama

3. Defendant City of Andalusia (hereinafter referred to as "the City") is located in Covington County, Alabama.

## JURISDICTION

4. This Court has subject matter jurisdiction over the claims made in this case.

## STATEMENT OF THE FACTS

5. In or around 2012, the City of Andalusia desired to create an "entertainment district" within the City of Andalusia, which was to be the single largest redevelopment project in the history of the City of Andalusia with an estimated cost of $2.5 million. (Exhibit "A"). Defendants, by and through the individually named Defendants, began discussing purchasing of several properties in the downtown Andalusia area owned by the Plaintiff with the Plaintiff. Negotiations with the Plaintiff were unsuccessful, and Defendants were unable to purchase the properties desired from Plaintiff.

6. Defendants, individually and as employees of Defendant City of Andalusia, subsequently began a pattern of conduct of unilaterally determining Plaintiff's property as posing "imminent dangers to the public" under its "police powers" and filing a "Findings of Public Nuisance, Declaration of Emergency, and Notice of Lis Pendens" in the Probate Court of Covington County, in efforts to force Plaintiff to either sell the property to the City on its terms or suffer a "taking" of the property by the City without just compensation. This was accomplished by complete taking of the

property or by claiming the property needed repairs, issuing stop work orders (Exhibit "B") and then reusing to issue work permits. These properties were located at 233 South Cotton Street, 254 Historic Central St., and 201 South Three Notch Street. Plaintiff filed suit in federal court against the Defendants and sought a temporary restraining Order, which was granted. (Exhibit "C"). However, the federal restraining Order only stopped the Defendants' actions as to the properties listed above, because on September 1, 2016, Defendants continued their efforts and filed a "Finding of Public Nuisance, Declaration of Emergency, and Notice of Lis Pendens" on another property owned by Plaintiffs located at 101 Pear Street in Andalusia, Alabama 36420. (Exhibit "D"). In said filing, Defendants claimed the 101 Pear Street property also posed an "imminent danger to the public" and needed to be taken by the City through its "police powers" to protect the public without compensating the Plaintiff. On September 6, 2016, the City held a council meeting and voted to take the Plaintiff's property located at 101 Pear Street.[1] To give the appearance of "fairness", Plaintiff was given 14 days to remedy the alleged "imminent dangers to the public" posed by the property loc (*which would make one wonder if said property really posed an "imminent danger" at all*). Plaintiff immediately

---

[1] The City's findings are final with no right to appeal or review.

3

began assembling a work crew, which included 3 structural engineers, an architect and laborers. Once work was to begin, Defendants refused to issue work permits to the Plaintiff and immediately issued a stop work order to the Plaintiff, thereby making it impossible for Plaintiff to remedy the alleged "imminent dangers to the public" posed by the property located at 101 Pear Street within the time period allowed by the Defendants. (See Exhibit "B"). On September 27, 2016, Plaintiff attempted to include the 101 Pear Street property in with the others under the Restraining Order issued by the Federal Court. (Exhibit "E"). Plaintiff was not allowed to do so, and, thus, initiated a separate lawsuit in an attempt to stop Defendants from taking Plaintiff's 101 Pear Street property without compensation. (Exhibit "F"). However, while the instant litigation was pending, Defendants continued on and tore down the building located at 101 Pear Street and sent Plaintiff a bill for doing so, in excess of $34,000.00. Plaintiffs and Defendants subsequently entered into a Settlement Agreement Contract on the properties located at 233 South Cotton Street, 254 Historic Central St., and 201 South Three Notch Street, which were subject to the federal Court Restraining Order. (Settlement Agreement Contract, Exhibit "G"). Said Settlement Agreement Contract provided that inspections by the City of Andalusia on said properties were to take place on the last Thursday of the month at 10:00am

,and allowed Plaintiffs to have their Architect present during said inspections if they so desired (which would be September 28, 2017, at 10:00am). However, on September 12, 2017, the attorney for the City emailed Plaintiffs' counsel and informed the same that an inspection of Plaintiffs' property was going to be completed on September 15, 2017, and did not allow Plaintiff to have his architect present. (Email Correspondence, Exhibit "H"). Plaintiff attempted to accommodate the Defendant, but Defendant refused said attempts. (See Exhibit "H"). This morning, September 15, 2017, Defendant's inspector went to Plaintiffs' property with officers from the Andalusia City police department and cut the lock and entered Plaintiffs' property without Plaintiffs' consent or permission and over and against Plaintiffs' objections. (Pictures, Exhibit "I"). The property at issue is privately owned and is currently used for storage of Plaintiff John W. Tisdale, Jr.'s personal property.  There is no public use of the building. There is absolutely no need for the City to conduct an "emergency" inspection inside or outside the structure that is not in accordance with the Settlement Agreement Contract. There is no risk for public safety. Defendant's actions in entering Plaintiff's property without allowing Plaintiffs to have their architect present was and is a breach of contract and an attempt by the City to create an excuse to pile on additional repair

requirements and costs for the ultimate purpose of taking Plaintiffs' property. Said conduct is continued conduct that was subject to the federal lawsuit styled <u>John W. Tisdale, Jr., et al., v. The City of Andalusia, Alabama</u>, Civil Action Number 2:16-cv-00387-WKW-SRW then pending in the United States District Court for the Middle District of Alabama, Northern Division, wherein a Restraining Order was entered against the Defendants. Defendants continue to tear down other structures owned by Plaintiff and use the Andalusia Police Department as protection. (Pictures, Exhibit "J").

## COUNT ONE
(Breach of Contract)

7. Plaintiffs re-allege all prior paragraphs above as if set out here in full.

8. Defendant breached its contract with the Plaintiffs.

9. As a result, Plaintiffs were not provided an opportunity to have their architect present to dispute any findings by the City's inspector.

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount of compensatory damages as a jury deems reasonable and may award, plus costs.

## COUNT TWO
(Racketeering 18 U.S.C. § 1961-1968)

10. Plaintiff re-alleges all prior paragraphs of its Second Amended Complaint and this Complaint as if set out here in full.

11. Defendants have violated, and continue to violate, the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C § 1961 et seq. ("the Act"), in that the Defendants have engaged in racketeering activity by the conduct above and attempting to strong arm and extort the Plaintiffs into selling the City their properties at a price desired by the City; by fraud and other predicate acts, including but not limited to, violating 18 U.S.C. § 1343 by committing fraud by wire and 18 U.S.C. § 1341 by engaging in fraud through the U.S. Mail. The Defendants have also committed other predicate acts identified as racketeering activity under the Act as set forth above.

12. These Defendants have committed the same predicate acts against not just the Plaintiff in this case, but several other similarly situated individuals and companies over the years.

13. This constitutes racketeering activity and is in clear violation of the Racketeering Influenced and Corrupt Organizations Act. Pursuant to the Act, the Plaintiff is entitled to recover treble damages and costs, including attorney fees.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of damages as is available to them, including punitive damages, costs and attorney fees.

### COUNT THREE
(Treble damages and attorney fees)

14. Plaintiffs re-allege all prior paragraphs of its Second Amended Complaint and this Complaint as if set out here in full.

15. Pursuant to 18 U.S.C § 1964(c), Plaintiff is due threefold they damages sustained and the costs of the suit, including reasonable attorney fees.

WHEREFORE, Plaintiffs demand that the damages awarded by the jury in this case be tripled and all costs, including attorney fees, be awarded pursuant to 18 U.S.C § 1964(c).

### COUNT FOUR
(Unlawful Search and Seizure under 4th Amendment to the United States Constitution and Denial of Due Process -5th and 14th Amendments to the United States Constitution)

16. Plaintiffs re-allege all prior paragraphs of the Complaint as if set out here in full.

17. At all times material hereto, Defendant has seized Plaintiffs' property in violation of the 4th Amendment rights failed to provide plaintiff

8

due process under the 5th and 14th Amendments to the United States Constitution before taking its property as set forth above.

18. As a proximate consequence. Plaintiffs have been injured and damaged as set forth above.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of compensatory damages as a jury deems reasonable and may award, plus costs.

## COUNT FIVE
(civil conspiracy)

19. Plaintiffs re-allege all prior paragraphs of its Second Amended Complaint and this Complaint as if set out here in full.

20. At all times material hereto, Defendants combined, confederated and conspired to do the acts against the Plaintiff as set forth above.

21. As a result of the Defendants' conspiracy, Plaintiffs have been injured and damaged as set forth above.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## JURY DEMAND

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.**

_____
CHRISTOPHER E. SANSPREE (SAN048)
ASB-5570-R80C
Attorney for Plaintiff
**SANSPREE LAW FIRM, P.C.**
603 Martha Street
Montgomery, Alabama 36104
(334) 262-1001
(334) 262-1001 (Facsimile)
chris.sanspree@sanspreelaw.com